Fanelli v Latman (2022 NY Slip Op 00849)





Fanelli v Latman


2022 NY Slip Op 00849


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2019-08280
 (Index No. 152210/18)

[*1]Jodie Fanelli, et al., respondents, 
v
Richard K. Latman, et al., appellants, et al., defendants.


Holland & Knight LLP, New York, NY (Benjamin R. Wilson and Jennifer Lada of counsel), for appellants.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Ryan W. Federer and Amanda A. Meehan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendants Richard K. Latman and CRMSuite Corporation appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated May 22, 2019. The order, insofar as appealed from, denied those defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the separate motions of the defendant Richard K. Latman and the defendant CRMSuite Corporation pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them are granted.
The plaintiffs, domiciled in New York, allege that, through a series of emails in November 2014, they entered into a contract with the defendants, domiciled in Florida, wherein the defendants would develop and deliver software and related applications for the creation of a "Dating App," in exchange for $100,000. The plaintiffs allege that they paid $100,000, but the defendants never delivered the Dating App. The plaintiffs commenced this action in the Supreme Court, Richmond County, inter alia, to recover damages for breach of contract and fraud. The defendant CRMSuite Corporation (hereinafter CRM) and the defendant Richard K. Latman separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, on the ground, among others, that the New York court lacked personal jurisdiction over each of them. The Supreme Court, inter alia, denied the motions. CRM and Latman together appeal.
The ultimate burden of proving a basis for personal jurisdiction rests with the party asserting jurisdiction (see Fischbarg v Doucet, 9 NY3d 375, 381 n 5; Aybar v Aybar, 169 AD3d 137, 142, affd 37 NY3d 274). When opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff "need only make a prima facie showing" that personal jurisdiction over the moving defendant exists (Opticare Acquisition Corp. v Castillo, 25 AD3d 238, 243; see Lowy v Chalkable, LLC, 186 AD3d 590, 591). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Nick v Schneider, 150 AD3d 1250, 1251; see Leon v Martinez, 84 NY2d 83, 87-88).
In opposing the separate motions of Latman and CRM, the plaintiffs asserted that jurisdiction over both defendants was proper pursuant to CPLR 301 and 302(a)(1) and (3). "Under modern jurisprudence, a court may assert general all-purpose jurisdiction or specific conduct-linked jurisdiction over a particular defendant" (Aybar v Aybar, 169 AD3d at 142-143; see Daimler AG v Bauman, 571 US 117, 122). Contrary to the plaintiffs' contention, they did not make a prima facie showing of personal jurisdiction over Latman or CRM. The complaint itself establishes that Latman is domiciled in Florida and that CRM was incorporated in and has its principal place of business in Florida (see Daimler AG v Bauman, 571 US at 137; Aybar v Aybar, 169 AD3d at 144). Further, the facts alleged, even if established, do not support a conclusion that CRM's contacts with New York were so "continuous and systematic" (Daimler AG v Bauman, 571 US at 137 [internal quotation marks omitted]) as to render it "essentially at home" in New York (id. [internal quotation marks omitted]). Thus, the plaintiffs failed to demonstrate personal jurisdiction over Latman or CRM under New York's general jurisdiction statute, CPLR 301.
Specific jurisdiction over a defendant is obtained through New York's long-arm statute, CPLR 302. It provides, in relevant part, that New York courts may exercise personal jurisdiction over any nondomiciliary who "commits a tortious act without the state causing injury to person or property within the state" (id. § 302 [a][3]), or "transacts any business within the state or contracts anywhere to supply goods or services in the state" (id. § 302[a][1]).
Under CPLR 302(a)(3), "[t]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff" (Hermann v Sharon Hosp., 135 AD2d 682, 683; see Paterno v Laser Spine Inst., 24 NY3d 370, 381; McGowan v Smith, 52 NY2d 268, 274-275). Here, the plaintiffs allege that Latman and CRM defrauded them by accepting payment for the Dating App when they knew it was not completed and did not plan to complete it. The location of the original event which caused the injury was Florida, not New York. That the plaintiffs felt economic injury in New York, alone, is an insufficient basis to confer jurisdiction under CPLR 302(a)(3) (see Greenbacker Residential Solar LLC. v OneRoof Energy, Inc., 174 AD3d 437, 438; Deutsche Bank AG v Vik, 163 AD3d 414, 415; see also Qudsi v Larios, 173 AD3d 920, 922).
"The CPLR 302(a)(1) jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions" (Rushaid v Pictet & Cie, 28 NY3d 316, 323; see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297). The sufficient activities prong is met "even though the defendant never enters New York, so long as the defendant's activities here were purposeful" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467; see Rushaid v Pictet & Cie, 28 NY3d at 323). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" (Fischbarg v Doucet, 9 NY3d at 380, quoting McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377, 382; see Rushaid v Pictet & Cie, 28 NY3d at 323).
Here, the totality of the circumstances does not provide the plaintiffs with a basis for imposing long-arm jurisdiction over either Latman or CRM pursuant to CPLR 302(a)(1). The affidavits submitted on the subject motions establish that CRM advertises its services nationwide through a website that is not specifically directed toward New York residents or businesses. It is undisputed that the plaintiff Jodie Fanelli initiated the contact between the parties and solicited the defendants' services in designing the Dating App. Contrary to the plaintiffs' contention, CRM's website does not constitute transacting business within the State. The plaintiffs failed to establish that the website was more than informational or passive in nature, and there is no indication that the website permitted any users to purchase goods or services from CRM or allowed any interaction (see Paterno v Laser Spine Inst., 24 NY3d at 377-378; Grimaldi v Guinn, 72 AD3d 37, 46-47). Further, the contract to develop and deliver the Dating App to the plaintiffs, and Latman's communications with the plaintiffs in New York regarding this development, do not demonstrate the purposeful availment necessary to confer personal jurisdiction over the defendants (see Paterno v Laser Spine Inst., 24 NY3d at 378; State of New York v Vayu, Inc., 195 AD3d 1337, 1339-1340; Royalty Network, Inc. v Harris, 95 AD3d 775, 775-776).
Contrary to the plaintiffs' contention, they failed to demonstrate that facts may exist requiring discovery on the issue of personal jurisdiction so as to postpone resolution of the issue (cf. Peterson v Spartan Indus., 33 NY2d 463, 466-467).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the separate motions of Latman and CRM pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court