Transcan Sys., Inc. v Seldat Distrib., Inc. (2022 NY Slip Op 05881)

Transcan Sys., Inc. v Seldat Distrib., Inc.

2022 NY Slip Op 05881

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-03342
 (Index No. 512741/19)

[*1]Transcan Systems, Inc., appellant,
v
Seldat Distribution, Inc., et al., respondents.

Rich, Intelisano & Katz, LLP, New York, NY (Joseph A. Gershman and Daniel J. Swayze of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 21, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud and breach of a subscription agreement insofar as asserted against the defendants Seldat Distribution, Inc., and Daniel Dadoun, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In June 2016, the plaintiff, a start-up company developing software for the screening of cargo at ports, and the defendant Seldat Distribution, Inc. (hereinafter Seldat Distribution), entered into a written stock subscription agreement pursuant to which Seldat Distribution agreed to purchase units of preferred stock in the plaintiff, and to provide certain technical and customer acquisition assistance to the plaintiff. The defendant Daniel Dadoun is the chief executive officer and owner of Seldat Distribution, as well as the defendants Seldat, Inc. (Ontario), and Seldat, Inc. (Delaware).
The plaintiff commenced this action against the defendants, asserting causes of action sounding in breach of contract, fraud, and negligent misrepresentation. The plaintiff alleged, inter alia, that Seldat Distribution breached the subscription agreement by failing to make the final payment as required, and that the defendants breached a prior purported oral agreement by failing to provide the plaintiff with specified shipping data. The defendants moved pursuant to CPLR 3211(a)(1), (7), and (8) to dismiss the complaint. In an order dated January 21, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The Supreme Court properly granted those branches of the motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendants Seldat, Inc. (Delaware), and Seldat, Inc. (Ontario), for lack of personal jurisdiction (see CPLR 302[a]). "When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff" (Lowy v Chalkable, LLC, 186 AD3d 590, 591). "When opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of [*2]jurisdiction, a plaintiff need only make a prima facie showing that personal jurisdiction over the moving defendant exists" (Fanelli v Latman, 202 AD3d 758, 759 [internal quotation marks omitted]; see Skutnik v Messina, 178 AD3d 744, 744-745). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Lowy v Chalkable, LLC, 186 AD3d at 591 [internal quotation marks omitted]).
Contrary to the plaintiff's contention, it failed to demonstrate personal jurisdiction over Seldat, Inc. (Delaware), or Seldat, Inc. (Ontario), under New York's general jurisdiction statute (see CPLR 301). The facts alleged, even if established, do not support a conclusion that either of those defendants' contacts with New York were so "continuous and systematic" as to render it "essentially at home" in New York (Daimler AG v Bauman, 571 US 117, 139 [internal quotation marks omitted]; see Fanelli v Latman, 202 AD3d at 759).
The plaintiff also failed to demonstrate personal jurisdiction over Seldat, Inc. (Delaware), or Seldat, Inc. (Ontario), under New York's specific jurisdiction statute (see CPLR 302). CPLR 302 provides, in relevant part, that New York courts may exercise personal jurisdiction over any nondomiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302[a][1]), or "commits a tortious act within the state" (CPLR 302[a][2]). "In order to determine whether personal jurisdiction exists under CPLR 302(a)(1) . . . the court must determine (1) whether the defendant has purposefully availed itself of the privilege of conducting activities in New York by either transacting business or contracting to supply goods or services there, and (2) whether the claim asserted arises from that business transaction or from the contract to supply goods or services" (Lowy v Chalkable, LLC, 186 AD3d at 592; see Qudsi v Larios, 173 AD3d 920, 922-923).
Here, although the plaintiff alleges that Dadoun met with the plaintiff in New York to negotiate the purported oral agreement and the subscription agreement and made certain allegedly fraudulent or negligent misrepresentations in New York, the plaintiff failed to allege, beyond mere speculation, that Dadoun was acting on behalf of any entity other than Seldat Distribution (see Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 487; Cotia [USA] Ltd. v Lynn Steel Corp., 134 AD3d 483, 484; Peters v Peters, 101 AD3d 403, 404; Polansky v Gelrod, 20 AD3d 663, 664; Spectra Prods. v Indian Riv. Citrus Specialties, 144 AD2d 832, 833; see also Pramer S.C.A. v Abaplus Intl. Corp., 76 AD3d 89, 96; Schumacher v Sea Craft Indus., 101 AD2d 707).
The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the cause of action alleging breach of the purported oral agreement insofar as asserted against Seldat Distribution and Dadoun. The subscription agreement established that the plaintiff is precluded, by a merger clause contained in that writing, from presenting evidence of an alleged prior oral agreement between the plaintiff and Seldat Distribution regarding the same subject matter (see Jarecki v Shung Moo Louie, 95 NY2d 665, 669; Marine Midland Bank-S. v Thurlow, 53 NY2d 381, 388-389; Denenberg v Schaeffer, 137 AD3d 1197, 1198; see also Quantlab Group GP, LLC v Eames, 2019 WL 1285037, *6, 2019 Del Ch LEXIS 93, * [CA 2018-0553-JRS], affd 222 A3d 580 [Del]; E. Ostroff v Quality Services Labs., Inc., 2007 WL 121404, *10, 2007 Del Ch LEXIS 2, * [CA No. 423-N]; Minnesota Invco of RSA # 7, Inc. v Midwest Wireless Holdings LLC, 903 A2d 786, 795 [Del Ch]). The plaintiff's contention that the alleged oral agreement was outside the scope of the subscription agreement, and did not vary its terms, is without merit (see Hong Qin Jiang v Li Wan Wu, 179 AD3d 1035, 1039; Denenberg v Schaeffer, 137 AD3d at 1198). Further, the complaint, as amplified by the affidavit of Joseph Frasko, the president of the plaintiff, failed to sufficiently allege that Dadoun entered into the purported oral agreement in his individual capacity.
However, as to the cause of action alleging breach of the subscription agreement insofar as asserted against Seldat Distribution and Dadoun, based on Seldat Distribution's failure to tender its final payment, the defendants' submission of documentary evidence that the plaintiff breached the agreement prior to the time the final payment became due did not conclusively establish that Seldat Distribution was excused from its further obligations under the agreement (see Kamco [*3]Supply Corp. v On the Right Track, LLC, 149 AD3d 275, 283; see also American Cruise Lines, Inc. v HMS American Queen Steamboat Company LLC, 2017 WL 3528606, *10, 2017 US Dist LEXIS 130430, * [D Del No. 13-CV-324 (RGA)]; Matthew v Laudamiel, 2012 WL 2580572, *9, 2012 Del Ch LEXIS 145, * [CA No. 5957-VCN]; Eastern Electric and Heating, Inc. v Pike Creek Professional Center, 1987 WL 9610, *4, 1987 Del Super LEXIS 1115, * [Nos. 85L-AP-21, 85L-MY-1, 85C-MR-79], affd 540 A2d 1088 [Del]). Since the defendants failed to utterly refute the plaintiff's allegations, and since the evidentiary materials submitted by the defendants did not demonstrate, as a matter of law, that the plaintiff does not have a cause of action for breach of the subscription agreement, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for breach of the subscription agreement insofar as asserted against Seldat Distribution and Dadoun (see Delric Constr. Co., Inc. v New York City Sch. Constr. Auth., 204 AD3d 750, 752-753; Piccoli v Cerra, Inc., 174 AD3d 754, 757).
The Supreme Court also erred in granting that branch of the defendants' motion which was pursuant to 3211(a)(7) to dismiss the cause of action sounding in fraud insofar as asserted against Seldat Distribution and Dadoun. Contrary to the court's determination, the cause of action alleging fraud was not duplicative of the breach of contract causes of action, as it alleged that the defendants made misrepresentations of present fact that were collateral to the subscription agreement and served as an inducement to enter into the agreement (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956; 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661, 662; Greenberg v Meyreles, 155 AD3d 1001, 1003; J & D Evans Constr. Corp. v Iannucci, 84 AD3d 1171, 1172; WIT Holding Corp. v Klein, 282 AD2d 527, 528.
Finally, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging negligent misrepresentation insofar as asserted against Seldat Distribution and Dadoun. That cause of action was predicated on the existence of a fiduciary or privity-like relationship between the parties, and the complaint failed to plead facts demonstrating the existence of such a relationship (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180; Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 915).
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court