Timmons v Town of Babylon (2022 NY Slip Op 06951)

Timmons v Town of Babylon

2022 NY Slip Op 06951

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-05003
 (Index No. 619956/17)

[*1]Lisa Timmons, respondent, 
v
Town of Babylon, appellant, et al., defendants.

Joseph Wilson, Town Attorney, Lindenhurst, NY (Elizabeth A. Sclafani and Donna M. Somma of counsel), for appellant.
Zlotolow & Associates, P.C., Melville, NY (Jason S. Firestein of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of Babylon appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated June 21, 2021. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In September 2016, the plaintiff allegedly sustained injuries when she tripped and fell on an area of blacktop situated between a sidewalk and a roadway in the defendant Town of Babylon. As a result of the accident, the plaintiff commenced the instant action against the Town, among others, to recover damages for personal injuries. After the completion of discovery, the Town moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the Town appeals.
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, it is undisputed that the Town did not receive prior written notice of the alleged defective condition. Therefore, the Town "met its burden of establishing that it did not receive prior written notice of the [defective] condition, thereby shifting the burden of demonstrating either that a question of fact existed in that regard or that one of the Amabile exceptions applied" (Groninger v Village of Mamaroneck, 17 NY3d at 129; see Yarborough v City of New York, 10 NY3d 726, 728; Smith v City of New York, 210 AD3d 53). In opposition, the plaintiff raised a triable issue of fact as to whether the Town affirmatively created the alleged defective condition (see Yarborough v City [*2]of New York, 10 NY3d at 728; Boorman v Town of Tuxedo, 204 AD3d 742, 743; Perrington v City of Mount Vernon, 37 AD3d 571, 572).
Contrary to the Town's contention, it was not entitled to summary judgment dismissing the complaint insofar as asserted against it on the ground that the alleged defective condition was open and obvious and, as a matter of law, not inherently dangerous. The Town failed to demonstrate, prima facie, that the alleged defective condition was both open and obvious and not inherently dangerous as a matter of law (see Everett v CMI Servs. Corp., 206 AD3d 620, 622; see also Baran v Port Auth. of New York & New Jersey, 196 AD3d 674, 676; Vigil v City of New York, 110 AD3d 986, 987). Accordingly, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint insofar as asserted against it on this ground regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (see Bank of Am., N.A. v Lino, 203 AD3d 1004, 1005; Kachele v Nouveau El. Indus., Inc., 186 AD3d 1626, 1627).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court