Economy Premier Assur. Co. v Miflex 2 S.p.A. (2023 NY Slip Op 00303)

Economy Premier Assur. Co. v Miflex 2 S.p.A.

2023 NY Slip Op 00303

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-03735
 (Index No. 615113/18)

[*1]Economy Premier Assurance Company, etc., respondent, 
v
Miflex 2 S.p.A., appellant.

Gerber Ciano Kelly Brady, LLP, Garden City, NY (Matthew S. Libroia and Brendan T. Fitzpatrick of counsel), for appellant.
Steven I. Hilsenrath, Valley Stream, NY (Dylan Faughey of counsel), for respondent.

DECISION & ORDER
In a subrogation action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated April 15, 2020. The order, insofar as appealed from, denied the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint is granted.
This action arises out of property damage which occurred to the house and personal property of the subrogors, Harvey Gessin and Marilyn Gessin. The damage allegedly was caused by a defective supply line hose manufactured by the defendant, which had been installed as a component part of a dishwasher made and sold by a nonparty. The plaintiff subrogee commenced the instant subrogation action to recover the amounts paid by it to the subrogors pursuant to an insurance policy. The defendant, an Italian corporation with its principal place of business in Italy, cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In an order dated April 15, 2020, the Supreme Court, inter alia, denied the defendant's cross motion as untimely. The defendant appeals.
The ultimate burden of proving a basis for personal jurisdiction rests with the plaintiff (see Lowy v Chalkable, LLC, 186 AD3d 590, 591; Piccoli v Cerra, Inc., 174 AD3d 754, 755). In opposing the defendant's motion, the plaintiff asserted that jurisdiction over the defendant was proper pursuant to CPLR 302(a)(1) and (3).
Contrary to the plaintiff's contentions, it failed to demonstrate personal jurisdiction over the defendant under New York's specific jurisdiction statute (see CPLR 302). CPLR 302 provides, in relevant part, that New York courts may exercise personal jurisdiction over any nondomiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state" (id. § 302[a][1]) or "commits a tortious act without the state causing injury to person or property within the state" if he "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or (ii) expects or should reasonably expect the act to have [*2]consequences in the state and derives substantial revenue from interstate or international commerce" (id. § 302[a][3]).
In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), the court must determine (1) whether the defendant "purposefully availed itself of 'the privilege of conducting activities within the forum State' by either transacting business in New York or contracting to supply goods or services in New York" (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297, quoting Rushaid v Pictet & Cie, 28 NY3d 316, 323; see Transcan Sys., Inc. v Seldat Distrib., Inc., 209 AD3d 911, 913), and (2) whether the claim arose from that business transaction or from the contract to supply good or services (see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d at 297; Transcan Sys., Inc. v Seldat Distrib., Inc., 209 AD3d at 913). In order to satisfy the second prong of the jurisdictional inquiry, there must be an "articulable nexus" (McGowan v Smith, 52 NY2d 268, 272) or a "substantial relationship" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467) between a defendant's New York activities and the cause of action sued upon (see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d at 298-299; Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339; Leuthner v Homewood Suites by Hilton, 151 AD3d 1042, 1043; Fernandez v DaimlerChrysler, AG., 143 AD3d 765, 767).
Here, the defendant was an Italian corporation with its business located in that country. It manufactured, sold, and distributed its goods in Italy, and had no office or agent in New York. The plaintiff failed to show that the defendant purposefully availed itself of the privilege of conducting activities in New York so as to subject it to long-arm jurisdiction pursuant to CPLR 302(a)(1) (see Paterno v Laser Spine Inst., 24 NY3d 370, 378-379; Bloomgarden v Lanza, 143 AD3d 850, 852). The plaintiff also failed to make a prima facie showing that personal jurisdiction exists under CPLR 302(a)(3).
Since the defendant was not subject to the jurisdiction of New York, the plaintiff's service of process upon it was not valid (see CPLR 313; Ruffin v Lion Corp., 15 NY3d 578, 583 n 3; Hopstein v Cohen, 143 AD3d 859, 860). Moreover, the defendant's cross motion to dismiss the complaint was not untimely, since the time to answer the complaint never began to run (see CPLR 313; CPLR 320[a]; CPLR 3211[e]; Hopstein v Cohen, 143 AD3d at 860). Under the circumstances, the Supreme Court should have granted the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint.
The plaintiff's contention regarding general jurisdiction was not advanced before the Supreme Court in opposition to the defendant's cross motion. This contention is improperly raised for the first time on appeal and is not properly before this Court (see Kreutzberg v Law Offices of John Riconda, P.C., 210 AD3d 884, 885; Matter of Ray v County of Suffolk, 204 AD3d 807).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court