WFB Realty, LLC v R & W Brokerage, Inc. (2023 NY Slip Op 04684)

WFB Realty, LLC v R & W Brokerage, Inc.

2023 NY Slip Op 04684

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2022-07559
 (Index No. 601458/22)

[*1]WFB Realty, LLC, respondent, 
v
R & W Brokerage, Inc., appellant (and a third-party action).

Sullivan & Klein, LLP, New York, NY (Robert M. Sullivan of counsel), for appellant.
John G. Aicher, Jr., Garden City, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered August 17, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought an award of attorney's fees.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought an award of attorney's fees is granted.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract for an alleged failure to procure insurance coverage for the plaintiff. The plaintiff also sought to recover, among other things, attorney's fees. Thereafter, the defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought an award of attorney's fees. In an order entered August 17, 2022, the Supreme Court, inter alia, denied that branch of the defendant's motion which was to dismiss so much of the complaint as sought an award of attorney's fees.
"New York follows the general rule that attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1282; see Sage Sys., Inc. v Liss, 39 NY3d 27, 30-31). Here, the defendant [*2]established that there is no agreement, statute, or court rule which would entitle the plaintiff to an award of attorney's fees should it prevail against the defendant (see Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d at 1282; Specialized Prods. & Servs., Inc. v Steelbro Intl. Co., Inc., 161 AD3d 1127, 1128; see also Hershfeld v JM Woodworth Risk Retention Group, Inc., 213 AD3d 651, 652).
The plaintiff's contentions that attorney's fees may be recoverable pursuant to a statutory exception or as consequential damages where a policyholder commences a breach of contract action against an insurance company were not advanced before the Supreme Court in opposition to the defendant's motion. These contentions, raised for the first time on appeal, are not properly before this Court (see Economy Premier Assur. Co. v Miflex 2 S.p.A., 212 AD3d 775, 777; Timmons v Town of Babylon, 211 AD3d 763, 765).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought an award of attorney's fees.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court