Moraskin v Lati (2023 NY Slip Op 06362)

Moraskin v Lati

2023 NY Slip Op 06362

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-04825
 (Index No. 504573/21)

[*1]Nicole M. Moraskin, appellant, et al., plaintiff, 
v
Rina Lati, respondent.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Nicole M. Moraskin appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated March 30, 2022. The order, insofar as appealed from, denied that plaintiff's motion pursuant to CPLR 3211(a)(5) to dismiss the counterclaim.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the plaintiff Nicole M. Moraskin pursuant to CPLR 3211(a)(5) to dismiss the counterclaim is granted.
The plaintiffs commenced this action against the defendant to recover damages for personal injuries they allegedly sustained when a vehicle operated by the plaintiff Nicole M. Moraskin (hereinafter Nicole), in which the plaintiff Jelissa E. Moraskin (hereinafter Jelissa) was a passenger, was involved in a collision with a vehicle operated by the defendant. The defendant interposed an answer, asserting various affirmative defenses, as well as a counterclaim against Nicole, alleging that if Jelissa sustained injuries in the manner alleged, they "were caused in whole or in part by [Nicole's] culpable conduct." Prior to the commencement of this action, Jelissa had executed a "FULL RELEASE OF ALL CLAIMS AND DEMANDS" (hereinafter the release) in favor of Nicole, releasing Nicole from, inter alia, any and all claims resulting from the subject accident in exchange for a payment of $200.
Nicole moved pursuant to CPLR 3211(a)(5) to dismiss the counterclaim, contending that, pursuant to General Obligations Law § 15-108(b), the counterclaim was barred by the release. In an order dated March 30, 2022, the Supreme Court, inter alia, denied this motion. Nicole appeals.
Pursuant to General Obligations Law § 15-108(b), "[a] release given in good faith by the injured person to one tortfeasor as provided in [General Obligations Law § 15-108(a)] relieves him [or her] from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules." Here, pursuant to General Obligations Law § 15-108(b), the release executed by Jelissa in favor of Nicole relieves Nicole from liability to the defendant for contribution (see Balkheimer v Spanton, 103 AD3d 603, 603; Brown v Singh, 222 AD2d 392, 392).
The defendant's contentions regarding the validity of the release were not advanced before the Supreme Court in opposition to Nicole's motion. These contentions, raised for the first time on appeal, are not properly before this Court (see Economy Premier Assur. Co. v Miflex 2 S.p.A., 212 AD3d 775, 777; Matter of Ray v County of Suffolk, 204 AD3d 807, 807).
Accordingly, the Supreme Court should have granted Nicole's motion pursuant to CPLR 3211(a)(5) to dismiss the counterclaim as barred by the release.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court