Acosta v Vann (2024 NY Slip Op 50740(U))

[*1]

Acosta v Vann

2024 NY Slip Op 50740(U)

Decided on June 17, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 17, 2024
Supreme Court, Nassau County

Christian A. Acosta, Plaintiff,

against
Rasmey P. Vann, Miranda Nastasi, and Andrea Sanchez, Defendants.

Index No. 614173/2023

Sarika Kapoor, J.

NYSCEF docs. 1, 5-14, 16-21, 23-28 were read and considered in deciding these motions.
Relief Requested
Motion Sequence 001: The defendant Miranda Nastasi moves, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 3211(a)(7) and CPLR 3211(g) to dismiss the complaint insofar as asserted against her.
Motion Sequence 002: The defendant Andrea Sanchez moves pursuant to CPLR 3211(a)(7) and CPLR 3211(g) to dismiss the first, second, third, and fourth causes of action insofar as asserted against her or, in the alternative, pursuant to CPLR 3211(a)(7) to dismiss those causes of action insofar as asserted against her, and pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action insofar as asserted against her.
Motion Sequence 003: The defendant Rasmey P. Vann moves, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 3211(a)(7) and 3211(g) to dismiss the complaint insofar as asserted against her.
Background
The plaintiff allegedly was romantically involved with two of the defendants, Miranda Nastasi and Rasmey P. Vann. It is not alleged that the defendant Andrea Sanchez was ever romantically involved with the plaintiff, nor is it clear if Sanchez ever met the plaintiff. 
With respect to Nastasi, the plaintiff alleges that on or about July 14, 2023, Nastasi posted on a private Facebook group titled "Are We Dating The Same Guy? | Washington DC / [*2]DMV" critiquing the plaintiff as a romantic partner. Thereafter, on or about July 21, 2023, Nastasi posted a similar, if not identical, message to another Facebook user, but did so on a public page. The plaintiff acknowledges that Nastasi resides in Sterling, Virginia, and alleges that the Court has personal jurisdiction over her pursuant to CPLR 301.
With respect to Vann, the plaintiff alleges that on or about July 24, 2023 through July 27, 2023, Vann critiqued the plaintiff as a romantic partner via Instagram to another Instagram user. The plaintiff further alleges that on or about July 24, 2023, Vann texted the plaintiff after they had ended their romantic relationship, requesting that he give her money to cover some of the costs of therapy she told him she needed due to his behavior during their romantic relationship. Vann allegedly requested money from the plaintiff to cover the cost of tests for sexually transmitted diseases that she claimed she needed due to the plaintiff having sex with other women while she and the plaintiff were romantically involved. Vann also allegedly communicated to the plaintiff that if the tests revealed that he had given her a sexually transmitted disease, she would not be pleased and would endeavor to punish the plaintiff for giving her a sexually transmitted disease. The plaintiff acknowledges in the complaint that Vann lives in Fairfax County, Virginia, and he alleges that the Court has personal jurisdiction over her pursuant to CPLR 301.
With respect to Sanchez, the plaintiff alleges that on or about July 13, 2023, Sanchez posted on a private Facebook group titled "Are We Dating The Same Guy? | Nassau Suffolk Long Island" a message identical to Nastasi's July 14, 2023 Facebook post. The plaintiff alleges that on or about July 17, 2023, Sanchez and "an unnamed person" placed telephone calls to Nassau University Medical Center, where the plaintiff had begun working as a resident physician on July 1, 2023. The plaintiff further alleges that the callers reported to Nassau University Medical Center that the plaintiff had engaged in inappropriate conduct with a patient. The plaintiff alleges, upon information and belief, that the statements alleged inappropriate sexual conduct. The complaint states that due to the call(s) he met with the human resources department almost every day from July 24, 2023 through July 28, 2023.[FN1]
The complaint further alleges that on or about July 22, 2023, Sanchez posted a message identical to her July 14, 2023 post on a private Facebook group titled, "Are We Dating The Same Guy? | NYC."
On August 31, 2023, the plaintiff commenced this action alleging: (1) defamation against Nastasi and Sanchez, (2) defamation per se against all defendants, (3) defamation per quod against all defendants, (4) defamation by implication against all defendants, (5) libel and libel per se against Nastasi and Vann, (6) slander and slander per se against Sanchez and an unnamed person, (7) coercion, duress, harassment, extortion, and larceny by extortion against Vann.
Motion Sequence 001
Nastasi moves, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In support of the motion, Nastasi submits an affidavit wherein she states that she has lived in Virginia since 2019. She further states that she dated the plaintiff for five months while the plaintiff was in his fourth year of medical school at the George Washington University. She states that she wrote the subject Facebook comment on July 14, 2023, while living in Virginia. She never traveled with the [*3]plaintiff to New York or visited him in New York. She further states that "[t]he private members' only Facebook group that [the plaintiff] takes issue with is where women share their similar traumatic experiences in dating men so that other women do not have the same experience." In support of her motion, Nastasi submits, among other things, a photo of her Virginia driver's license. Nastasi also submits a screenshot from the Facebook group's "about" page, which states, among other things, that the group "is place for women to protect, support, and empower other women."
In opposition to Nastasi's motion, the plaintiff asserts that the Court has personal jurisdiction over Nastasi pursuant to CPLR 302(a)(1), (2), and (3). 
"When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff. In opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists. The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 17 [2d Dept 2023] [citations and internal quotation marks omitted]).
In the complaint, the plaintiff alleged personal jurisdiction over Nastasi pursuant to CPLR 301. "General jurisdiction is provided for in CPLR 301, which allows a court to exercise such jurisdiction over persons, property, or status as might have been exercised heretofore. To comport with due process, however, the defendant's contacts with New York must be so continuous and systematic, judged against its national and global activities, that it is essentially at home in the state" (Lowy v Chalkable, LLC, 186 AD3d 590, 591-592 [2d Dept 2020] [citations, alternations, and internal quotation marks omitted]).
In opposition to Nastasi's motion, the plaintiff asserts that the Court has personal jurisdiction over Nastasi pursuant to CPLR 302(a)(1), (2), and (3). "Specific jurisdiction over a defendant is obtained through New York's long-arm statute, CPLR 302" (Fanelli v Latman, 202 AD3d 758, 759 [2d Dept 2022]). As relevant here, CPLR 302 provides that a New York court may exercise personal jurisdiction over any nondomiciliary who: "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302[a][1]), "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act" (CPLR 302[a][2]), or "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (CPLR 301[a][3]).
Here, the plaintiff has not made a prima facie showing that personal jurisdiction over Nastasi exists under CPLR 301, as alleged in the complaint (see Transcan Sys., Inc. v Seldat Distrib., Inc., 209 AD3d 911, 912 [2d Dept 2022]), or under CPLR 302(a)(1), (2) or (3), as alleged in the plaintiff's opposition to Nastasi's motion (see Fanelli v Latman, 202 AD3d at 761). Accordingly, that branch of Nastasi's motion which is pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her must be granted. In light of this determination, the remaining branches of Nastasi's motion must be denied as academic (see Cadet-Duval v Gursim [*4]Holding, Inc., 147 AD3d 718, 719 [2d Dept 2017] [stating that, where the Supreme Court granted that branch of a motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint, the Supreme Court should have denied, as academic, that branch of the motion which was pursuant to CPLR 3211(a)(7)]).
Motion Sequence 002
Sanchez moves, inter alia, pursuant to CPLR 3211(a)(7) and CPLR 3211(g) to dismiss the first, second, third, and fourth causes of action insofar as asserted against her or, in the alternative, pursuant to CPLR 3211(a)(7) to dismiss those causes of action insofar as asserted against her, and pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action insofar as asserted against her. In an attorney affirmation submitted in support of the motion, counsel for Sanchez contends that Sanchez's statements involved public petition and participation and are protected by New York's anti-SLAPP statute. Counsel further contends that the plaintiff cannot demonstrate with clear and convincing evidence that Sanchez acted with actual malice. Counsel also asserts that, if the complaint cannot be dismissed pursuant to New York's anti-SLAPP statute, the complaint should still be dismissed pursuant to CPLR 3211(a)(7). 
In an attorney affirmation in opposition, counsel for the plaintiff contends, inter alia, that Sanchez's comments were posted to a Facebook group designated as 'private' by Facebook and are not connected to an issue of public interest. Counsel further contends that the plaintiff sufficiently alleges that Sanchez's statements were made with knowledge of their falsity or with reckless disregard of whether they were false. Counsel argues that Civil Rights Law § 76(a) is not applicable to this case.
A motion pursuant to CPLR 3211(a)(7) and (g) to dismiss cases involving public petition and participation "shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 85 [2d Dept 2024] [internal quotation marks omitted]). In determining motions pursuant to CPLR 3211(a)(7) and (g), the burden of proof is "flipped" such that "the party moving for dismissal need not establish a procedural or substantive defense on the merits of the action, as otherwise required under other provisions of CPLR 3211, but rather, need only establish that the true nature of the action is one within the scope of anti-SLAPP. The actual burden of proof as to the action's meritoriousness is thereupon shifted in the context of anti-SLAPP immediately to the plaintiff, which is unique" (id. at 83).
In 2020, the New York Legislature enacted amendments to expand the protections of the anti-SLAPP statute. The definition of "action involving public petition and participation" was expanded to include "a claim based upon (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d at 84, citing Civil Rights Law §76-a[1][a]). The statute further provides that the term "public interest" "shall be construed broadly, and shall mean any subject other than a purely private matter" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d at 84).
"Matters of public concern include matters of political, social, or other concern to the community, even those that do not affect the general population. When determining whether content is within the sphere of legitimate public concern, allegedly defamatory statements can [*5]only be viewed in the context of the writing as a whole and courts must examine the content, form, and context of the statements. Statements falling into the realm of mere gossip and prurient interest are not matters of public concern nor are publications directed only to a limited, private audience" (Aristocrat Plastic Surgery, P.C. v Silva, 206 AD3d 26, 29-30 [1st Dept 2022] [citations, alterations, and internal quotation marks omitted]).
Here, the plaintiff argues that Sanchez's comments were posted to a Facebook group designated as "private" by Facebook and are not connected to an issue of public interest. This Court disagrees. "Private" in the context of the Civil Rights Law is not the same as "private" as nomenclature used by the programmers who maintain Facebook. The fact that a Facebook group vets potential group members to ensure that individuals are earnest in their desire to engage with the public discourse being conducted and to help protect and empower the individuals participating does not render the group private and removed from the sphere of public interest. Therefore, this Court concludes that the Facebook group was a public forum for purposes of New York's anti-SLAPP statute. Moreover, examining the content, form, and context of the statements, it is clear to this Court that the posts on Facebook are a matter of public concern for purposes of New York's anti-SLAPP statute.
Where, as here, "a defamation action involves statements made in a public forum, and concerns issues of public interest," a plaintiff opposing a motion to dismiss pursuant to CPLR 3211(a)(7) and 3211(g) "must show by clear and convincing evidence that the statements were false, and made with either knowledge of their falsity, or reckless disregard of whether the statements were false" (Gillespie v Kling, 217 AD3d 566, 567 [1st Dept 2023], citing Civil Rights Law §76-a).
Here, the first, second, third, and fourth causes of action sound in defamation. In opposition to Sanchez's motion, the plaintiff has failed to show by clear and convincing evidence that the statements made by Sanchez "were false, and made with either knowledge of their falsity, or reckless disregard of whether the statements were false" (Gillespie v Kling, 217 AD3d at 567). Accordingly, that branch of Sanchez's motion which is pursuant to CPLR 3211(a)(7) and 3211(g) to dismiss the first, second, third, and fourth causes of action insofar as asserted against her must be granted. 
Moreover, the 2020 amendments to the anti-SLAPP law "codified a protected person's right to recover attorneys' fees by making an award of attorneys' fees mandatory, not discretionary, upon a showing that the SLAPP action 'was commenced or continued without a substantial basis in fact and law and court not be supported by a substantial argument for the extension, modification or reversal of existing law' (Civil Rights Law § 70-a[1][a]). An adjudication under CPLR 3211(g) or 3212(h) that is favorable to a defendant is sufficient to support such a showing" (Karl Reeves, C.E.I.NY Corp. v Associated Newspapers, Ltd., — AD3d &mdash, — 2024 NY Slip Op 01898, *5 [1st Dept 2024]). Here, since Sanchez demonstrated her entitlement to dismissal of the first, second, third, and fourth causes of action insofar as asserted against her under CPLR 3211(a)(7) and CPLR 3211(g), she is entitled to a mandatory award of attorneys' fees arising from those causes of action pursuant to Civil Rights Law 70-a(1)(a).
Sanchez contends that the sixth cause of action, alleging slander and slander per se, should be dismissed pursuant to CPLR 3211(a)(7). The sixth cause of action alleges that, "[o]n or about July 17, 2023, Andrea Sanchez and an unnamed person placed telephone calls to Nassau University Medical Center, Plaintiff's place of employment. One or more reports were made to Nassau University Medical Center's human resources department and such report(s) [*6]alleged that Dr. Acosta engaged in inappropriate conduct with a patient. Upon information and belief, these statements alleged inappropriate sexual conduct."
"In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally" (CPLR 3016). 
On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Doe v Ascend Charter Sch., 181 AD3d 648, 649 [2d Dept 2020]).
Here, the plaintiff fails to set forth the actual words complained of or to name the individual to whom the statements were allegedly made. Under these circumstances, the plaintiff has failed to adequately state causes of action for slander and slander per se with sufficient particularity so as to satisfy the pleading requirements of CPLR 3016(a) (see Sternberg v Wiederman, 225 AD3d 820, 821-822 [2d Dept 2024]). Therefore, that branch of Sanchez' motion which is pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action insofar as asserted against her must be granted. 
Motion Sequence 003
Vann moves, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her. In an affidavit submitted in support of the motion, Vann states, among other things, that she resides in Virginia and lived in Virginia during her entire relationship with the plaintiff. She states that she never traveled with the plaintiff to New York or spent time with the plaintiff in New York. 
In opposition to the motion, the plaintiff contends that Vann transacted business within the State of New York by sending a Venmo transaction request to the plaintiff when the plaintiff was in New York.
As stated in this Court's discussion of motion sequence 001, supra, "[w]hen a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff. In opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists. The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d at 17).
Here, the plaintiff has not made a prima facie showing that personal jurisdiction over Vann exists under CPLR 301, as alleged in the complaint (see Transcan Sys., Inc. v Seldat Distrib., Inc., 209 AD3d at 912), or CPLR 302(a)(1), as alleged in opposition to the motion (see Fanelli v Latman, 202 AD3d at 761). Accordingly, that branch of Vann's motion which is pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her must be granted. In light of this determination, the remaining branches of Vann's motion must be denied as academic (see Cadet-Duval v Gursim Holding, Inc., 147 AD3d at 719).
Conclusion
Based on the foregoing, it is hereby,
ORDERED that the branch of Nastasi's motion which is pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her is GRANTED, and the remaining branches of Nastasi's motion are DENIED AS ACADEMIC; and it is further,
ORDERED that the branch of Sanchez's motion which is pursuant to CPLR 3211(a)(7) [*7]and CPLR 3211(g) to dismiss the first, second, third, and fourth causes of action insofar as asserted against her is GRANTED, and that branch of Sanchez's motion which is pursuant to CPLR 3211(a)(7) to dismiss the first, second, third, and fourth causes of action insofar as asserted against her is DENIED AS ACADEMIC; and it is further,
ORDERED that the branch of Sanchez's motion which is for attorneys' fees arising from the first, second, third and fourth causes of action is GRANTED; and it is further,
ORDERED that within 30 days after the date of entry of this decision and order, counsel for Sanchez shall submit to this Court an affirmation, together with substantiating proof, stating the attorneys' fees expended on the first, second, third, and fourth causes of action; and it is further,
ORDERED that the branch of Sanchez's motion which is pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action insofar as asserted against her is GRANTED; and it is further,
ORDERED that the branch of Vann's motion which is pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her is GRANTED, and the remaining branches of Vann's motion are DENIED AS ACADEMIC.
Any requests for relief not specifically addressed are herein are DENIED.
The parties' remaining contentions have been considered and do not warrant discussion.
This shall constitute the decision and order of this Court.
Dated: June 17, 2024
Mineola, New York
HON. SARIKA KAPOOR, A.J.S.C.

Footnotes

Footnote 1:In the complaint, the plaintiff did not divulge any details regarding these meetings or any negative repercussions therefrom.