Trotman v Priority Auto, Inc. (2024 NY Slip Op 05233)

Trotman v Priority Auto, Inc.

2024 NY Slip Op 05233

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-00942
 (Index No. 521444/20)

[*1]Winston Trotman, appellant, 
v
Priority Auto, Inc., et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.
Hoffman Roth & Matlin, LLP, New York, NY (John T. Hague of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated December 7, 2022. The order granted the defendants' separate motions pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against each of them for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiff, a New York resident, commenced this action to recover damages for personal injuries against the defendants, both of which are Vermont corporations. The plaintiff alleged that he was injured in a motor vehicle accident while driving a Budget rental truck in Brooklyn and that the truck recently had been repaired and/or serviced by the defendants at their place of business in Vermont. The defendants separately moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against each of them for lack of personal jurisdiction. In an order dated December 7, 2022, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
In order for a New York court to exercise personal jurisdiction over a non-domiciliary, two requirements must be satisfied: "the action is permissible under the long-arm statute (CPLR 302) and the exercise of jurisdiction comports with due process" (Williams v Beemiller, Inc., 33 NY3d 523, 528). If either the statutory or constitutional requirement is lacking, then the action may not proceed (see id.).
"The ultimate burden of proving a basis for personal jurisdiction rests with the party asserting jurisdiction" (Fanelli v Latman, 202 AD3d 758, 759). However, "[w]hen opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that personal jurisdiction over the moving defendant exists" (id. [internal quotation marks omitted]).
Here, in opposing the defendants' separate motions, the plaintiff asserted that jurisdiction over each of them was proper pursuant to CPLR 302(a)(3). Accepting as true for [*2]purposes of these motions the plaintiff's allegations that the defendants committed tortious acts without New York State causing injury to him within the State (see Serota v Cooper, 216 AD3d 1019, 1022), the plaintiff failed to demonstrate, prima facie, that the defendants regularly did or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in New York (see CPLR 302[a][3][i]; Ingraham v Carroll, 90 NY2d 592, 597; cf. Allen v Canadian Gen. Elec. Co., 65 AD2d 39, 43, affd 50 NY2d 935) or that the defendants expected or should reasonably have expected their alleged tortious conduct to have consequences in New York and that they derive substantial revenue from interstate commerce (see CPLR 302[a][3][ii]; Ingraham v Carroll, 90 NY2d at 598-599; cf. LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 215; Allen v Canadian Gen. Elec. Co., 65 AD2d at 41).
In light of the foregoing, we need not reach the issue of whether the exercise of personal jurisdiction would comport with due process (see LaMarca v Pak-Mor Mfg. Co., 95 NY2d at 216-219). In any event, the plaintiff failed to establish that the defendants "had the requisite 'minimum contacts' with New York such that the prospect of defending a suit here comported with 'traditional notions of fair play and substantial justice,' as required by the Federal Due Process Clause" (Waggaman v Arauzo, 117 AD3d 724, 725-726, quoting International Shoe Co. v Washington, 326 US 310, 316; see World-Wide Volkswagen Corp. v Woodson, 444 US 286, 295-297; cf. LaMarca v Pak-Mor Mfg. Co., 95 NY2d at 217-219).
Accordingly, the Supreme Court properly granted the defendants' separate motions pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against each of them for lack of personal jurisdiction.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court