Lowy v Chalkable, LLC (2020 NY Slip Op 04471)





Lowy v Chalkable, LLC


2020 NY Slip Op 04471


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-00088
 (Index No. 714714/16)

[*1]Edward Lowy, et al., appellants, 
v
Chalkable, LLC, et al., defendants, Chalkable, Inc., et al., respondents.


Berg & David, PLLC, Brooklyn, NY (Abraham David of counsel), for appellants.
Kirkland & Ellis LLP, New York, NY (Jacob H. Johnston of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered October 23, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Chalkable, Inc., and PowerSchool Group, LLC, which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In or around September 2011, the plaintiffs Edward Lowy and Jonathan Leifer entered into a joint venture agreement with the defendants Michael Levy and Zoli Honig to purchase and develop websites and web-based companies. Lowy and Leifer were to provide capital funding while Levy and Honig were to develop and run the websites. Lowy and Leifer allegedly provided the funding, but Levy and Honig did not perform their obligations under the contract, which included giving Lowy and Leifer equity in the defendant Chalkable, LLC, a Delaware web-based company allegedly controlled by Levy and Honig. Sometime thereafter, the defendant Chalkable, Inc., purchased Chalkable, LLC, and the defendant PowerSchool Group, LLC, purchased Chalkable, Inc. Both Chalkable, Inc., and PowerSchool Group, LLC (hereinafter together the PowerSchool defendants), were formed under the laws of Delaware and have their principal place of business in California. Chalkable, Inc., owns and operates software that facilitates communication in schools and provides educational data management in schools in 50 states, while the education technology platform owned and operated by PowerSchool Group, LLC, serves millions of users in more than 70 countries.
In December 2016, the plaintiffs commenced this action against the defendants, asserting causes of action, inter alia, alleging breach of contract, for declaratory relief, and to impose a constructive trust. Prior to answering, the PowerSchool defendants moved, among other things, pursuant to CPLR 3211(a)(7) and (8) to dismiss the complaint insofar as asserted against them. In an order entered October 23, 2017, the Supreme Court, inter alia, granted that branch of the PowerSchool defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiffs appeal.
When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff (see Skutnik v Messina, 178 AD3d 744, 744; Piccoli v Cerra, Inc., 174 AD3d 754, 755). However, "[i]n opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Skutnik v Messina, 178 AD3d at 744-745 [internal quotation marks omitted]). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Piccoli v Cerra, Inc., 174 AD3d at 755 [internal quotation marks omitted]).
Here, we agree with the Supreme Court's determination that neither Chalkable, Inc., nor PowerSchool Group, LLC, is subject to general personal jurisdiction in New York. General jurisdiction is provided for in CPLR 301, "which allows a court to exercise such jurisdiction over persons, property, or status as might have been exercised heretofore'" (Aybar v Aybar, 169 AD3d 137, 143, lv granted 34 NY3d 905, quoting CPLR 301). To comport with due process, however, the defendant's contacts with New York must be "so continuous and systematic,' judged against [its] national and global activities, that it is essentially at home' in th[e] state" (Gucci Am., Inc. v Weixing Li, 768 F3d 122, 135, quoting Daimler AG v Bauman, 571 US 117, 139; see Aybar v Aybar, 169 AD3d at 144). Aside from "an exceptional case," a corporation is "at home" only in a state that is the company's place of incorporation or its principal place of business (Daimler AG v Bauman, 571 US at 139 and n19; see Aybar v Aybar, 169 AD3d at 144). Here, viewing the plaintiffs' allegations in the light most favorable to them, the plaintiffs have failed to demonstrate that this is an "exceptional case" where a corporation would be subject to general jurisdiction outside of the states where it is incorporated and has its principal place of business (see Aybar v Aybar, 169 AD3d at 145, 146).
We also agree with the Supreme Court's determination that neither Chalkable, Inc., nor PowerSchool Group, LLC, is subject to specific personal jurisdiction in this action. In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), the statute relied on by the plaintiffs, the court must determine (1) whether the defendant has purposefully availed itself of the privilege of conducting activities in New York by either transacting business or contracting to supply goods or services there, and (2) whether the claim asserted arises from that business transaction or from the contract to supply goods or services (see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297; Qudsi v Larios, 173 AD3d 920, 922-923). To satisfy the second prong, there must be an "articulable nexus" or a "substantial relationship" between a defendant's New York activities and the cause of action sued upon (Qudsi v Larios, 173 AD3d at 923 [internal quotation marks omitted]; see Skutnik v Messina, 178 AD3d at 745). While this inquiry is relatively permissive, there must be a "relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former" (Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339-340; see Rushaid v Pictet & Cie, 28 NY3d 316, 329). Here, in opposition to the PowerSchool defendants' motion, the plaintiffs failed to make a prima facie showing that the causes of action asserted against the PowerSchool defendants arise out of their activities in New York (cf. D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d at 299).
The plaintiffs' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of the PowerSchool defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court