Vaval v Stanco, LLC (2023 NY Slip Op 04683)

Vaval v Stanco, LLC

2023 NY Slip Op 04683

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04676
 (Index No. 706470/20)

[*1]Jeffrey Vaval, appellant, 
v
Stanco, LLC, et al., defendants, Amada North America, Inc., et al., respondents.

Buitrago & Associates, PLLC, New York, NY (Marcelo A. Buitrago of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Richard H. Rubenstein of counsel), for respondents and defendant Amada Tool America, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (David Elliot, J.), entered June 21, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants Amada North America, Inc., and Amada America, Inc., which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2019, the plaintiff allegedly injured his hand while using an Amada-brand model RG50 press brake bearing the serial number 507556. In June 2020, the plaintiff commenced this personal injury action against, among others, the defendants Amada North America, Inc. (hereinafter ANA), and Amada America, Inc. (hereinafter AA), alleging, inter alia, that ANA and AA designed, manufactured, tested, distributed, marketed, and/or sold the subject press brake. ANA and AA moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order entered June 21, 2021, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the motion of ANA and AA which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. "The ultimate burden of proving a basis for personal jurisdiction [*2]rests with the party asserting jurisdiction" (Fanelli v Latman, 202 AD3d 758, 759). However, to defeat a motion pursuant to CPLR 3211(a)(8) to dismiss for lack of personal jurisdiction, a plaintiff "need only make a prima facie showing that personal jurisdiction exists" (Aybar v US Tires & Wheels of Queens, LLC, 211 AD3d 40, 49). When considering the motion, "'[t]he facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff'" (Fanelli v Latman, 202 AD3d at 759, quoting Nick v Schneider, 150 AD3d 1250, 1251).
Here, the plaintiff failed to demonstrate a basis for exercising general personal jurisdiction over ANA and AA (see CPLR 301). Contrary to the plaintiff's contention, a foreign corporation's designation of a New York agent for service of process does not constitute consent to the exercise of general jurisdiction in New York courts (see Aybar v Aybar, 37 NY3d 274, 280). Moreover, the facts alleged do not support a conclusion that ANA's or AA's contacts with New York were so "continuous and systematic as to render them essentially at home" in New York (id. at 289 [internal quotation marks omitted]). This is not an "exceptional case" where ANA and AA would be subject to general jurisdiction outside of the states where they are incorporated and have their principal place of business (Lowy v Chalkable, LLC, 186 AD3d 590, 592 [internal quotation marks omitted]).
The plaintiff also failed to demonstrate a basis to exercise specific personal jurisdiction over ANA and AA under CPLR 302, New York's long-arm statute. Pursuant to CPLR 302(a)(1), New York courts may exercise personal jurisdiction over nondomiciliaries when the action arises from the nondomiciliaries' "transact[ing] any business within the state or contract[ing] anywhere to supply goods or services in the state" (see Lowy v Chalkable, LLC, 186 AD3d at 592). "In order to determine whether personal jurisdiction exists under CPLR 302(a)(1) . . . , the court must determine (1) whether the defendant has purposefully availed itself of the privilege of conducting activities in New York by either transacting business or contracting to supply goods or services there, and (2) whether the claim asserted arises from that business transaction or from the contract to supply goods or services" (id.; see Fanelli v Latman, 202 AD3d at 760). To satisfy the second prong, there must be an "articulable nexus" or a "substantial relationship" between a defendant's New York activities and the cause of action asserted (Lowy v Chalkable, LLC, 186 AD3d at 592 [internal quotation marks omitted]; see Fernandez v DaimlerChrysler, A.G., 143 AD3d 765, 767). Pursuant to CPLR 302(a)(4), New York courts may exercise personal jurisdiction over nondomiciliaries when the action arises from the nondomiciliaries' "own[ership], use[ ], or possess[ion] [of] any real property situated within the state."
Here, the affidavits ANA and AA submitted in support of their motion demonstrated that the subject press brake was designed and manufactured by a Japanese corporation having its principal place of business in Japan and was intended for use only in Japan, and that the property ANA owned in New York was unrelated to the plaintiff's claims. In opposition, the plaintiff failed to make a prima facie showing that ANA's and AA's activity in New York had an articulable nexus or substantial relationship to the specific Japan-destined press brake at issue in this action, or that ANA or AA had any involvement in the press brake making its way to New York through the "gray market" (see Lowy v Chalkable, LLC, 186 AD3d at 592). The plaintiff likewise failed to make a prima facie showing that the causes of action asserted against ANA arose from ANA's ownership of the New York property (see CPLR 302 [a][4]; Leuthner v Homewood Suites by Hilton, 151 AD3d 1042, 1044; Hopstein v Cohen, 143 AD3d 859, 860).
Moreover, contrary to the plaintiff's contention, AA's use of the New York courts in other unrelated actions does not constitute consent to personal jurisdiction in this action (cf. Matter of Sayeh R., 91 NY2d 306, 318-319; Textile Tech. Exch. v Davis, 81 NY2d 56). There is no evidence demonstrating that AA has "'engaged in some purposeful activity [here] . . . in connection with the matter in suit'" (Matter of Sayeh R., 91 NY2d at 318, quoting Parke-Bernet Galleries v Franklyn, 26 NY2d 13,16 [emphasis and internal quotation marks omitted]).
Contrary to the plaintiff's contention, he failed to demonstrate that facts may exist requiring discovery on the issue of personal jurisdiction so as to postpone resolution of this issue (see Fanelli v Latman, 202 AD3d at 761; Grandelli v Hope St. Holdings, LLC, 176 AD3d 922, 924).
Accordingly, the Supreme Court properly granted that branch of the motion of ANA and AA which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
IANNACCI, J.P., CHRISTOPHER, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court