Custom Truck One Source, LP v Clearway Indus., LLC (2024 NY Slip Op 50102(U))

[*1]

Custom Truck One Source, LP v Clearway Indus., LLC

2024 NY Slip Op 50102(U)

Decided on January 25, 2024

Supreme Court, Orange County

Vazquez-Doles, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 25, 2024
Supreme Court, Orange County

Custom Truck One Source, LP, Plaintiff,

against
Clearway Industries, LLC, Defendant.

Index No. EF004975-2023

Counsel for Plaintiff:
Robert S. Saxon, Esq.
Meyers Saxon & Cole
3620 Quentin Rd
Brooklyn NY 11234
Counsel for Defendant:
Anthony J. Hardwood, Esq.
260 Madison Ave, 8th Floor
New York NY 10016

Maria S. Vazquez-Doles, J.

The Court reviewed the following papers on Defendants' motion to dismiss pursuant to CPLR §3211(a)(7) and (a)(8):
Notice of Motion/Affirmation/Ex. A-B/Affidavit/Memo of Law 1-7
Opposition Affirmation/Affidavit/Ex. 1-3 8-12
Reply Affirmation 13
Defendant established that general jurisdiction over it will not lie because it is not incorporated in and does not maintain a principal place of business in New York. Defendant also established that the Complaint fails to allege a sufficient nexus between the alleged transaction of the parties and New York that will support the exercise of specific jurisdiction. For these reasons, the motion to dismiss is GRANTED on the basis of lack of jurisdiction. Additionally, Plaintiff admits that a company other than Plaintiff entered into the transaction with Defendant that is the subject of the claims in the Complaint. Plaintiff did not plead in the Complaint or assert in its opposition that it is an assignee of those claims. Therefore, the [*2]Complaint also fails to state a claim. For these reasons, the Complaint is DISMISSED.
Non-party CTOS Rentals, LLC of Kansas City, MO entered into a Master Agreement with Defendant on June 4, 2018 related to the rental of equipment. See Ex. 1 to Plaintiff's Opposition Affidavit of Sean Gabel. Defendant is a corporation formed under New Jersey law with a principal place of business in New Jersey. Defendant is licensed by the New York Secretary of State to conduct business in New York and has designated an agent for service of process. 
Plaintiff filed its Complaint on July 24, 2023. It alleges an agreement with Defendant for "Goods sold, and, work labor services, and, rentals on 11/30/2022". Plaintiff served Defendant via the New York State Secretary of State. Defendant then filed the instant motion to dismiss. In support, Defendant annexes an affidavit by its owner who attests to being in Arizona on November 30, 2022. He also attest to entering into a contract with non-party CTOS Rentals, LLC in 2020 related to vehicles located in California, not New York. 
With regard to that branch of the motion asserting a lack of jurisdiction over Defendant, it is fundamental that a court must acquire personal jurisdiction over a defendant before it can render a judgment against that defendant. Aybar v. Aybar, 37 NY3d 274 (2021), affirming 169 AD3d 137 (2d Dept. 2019). When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff. Lowy v Chalkable, LLC, 186 AD3d 590 (2d Dept 2020). In opposing a motion to dismiss the complaint on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists. Id.
General jurisdiction is provided for by CPLR 301, which allows a court to exercise 'such jurisdiction over persons, property, or status as might have been exercised heretofore. Id. "With respect to a corporation, the place of incorporation and principal place of business are paradigm ... bases for general jurisdiction" because these are places where a corporation "is fairly regarded as at home". Aybar, 37 NY3d at 289, citing Daimler AG v Bauman, 571 US 117 (2014). "The [US Supreme] Court left the door open to "the possibility that ... a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that [s]tate," but characterized such scenario as an "exceptional case". Id. Plaintiff here makes no argument in that regard as to Defendant.
Plaintiff's only basis for general jurisdiction therefore is service on Defendant's agent within New York. However, that argument was explicitly rejected by the Court of Appeals in Aybar. A foreign corporation does not consent to general jurisdiction simply by compliance with the NY Business Corporation Law requirements of registering with the Secretary of State. Aybar, 37 NY3d at 274. Thus, service alone here is insufficient to support general jurisdiction over Defendant.
Nor is Defendant subject to specific jurisdiction. In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), the Court must determine (1) whether the defendant has purposefully availed itself of the privilege of conducting activities in New York by either transacting business or contracting to supply goods or services there, and (2) whether the claim asserted arises from that business transaction or from the contract to supply goods or services. Lowy, 186 AD3d at 592. To satisfy the second prong, there must be an "articulable nexus" or a "substantial relationship" between a defendant's New York activities and the cause of action sued upon such that "the latter is not completely unmoored from the former". Id.
Here, the transaction at issue has no apparent connection to New York. The Complaint [*3]consists of boilerplate wording that asserts in the alternative that either Defendant resides in Orange County, NY or that it transacted business in Orange County. Plaintiff annexed to its opposition a contract that is not the subject of goods or services being sold anywhere in New York. That contract states that the parties will enter into other more specific contracts in the future, none of which is annexed to the opposition. In an affidavit submitted in opposition, an employee of Plaintiff never mentions any connection between a contract and New York.
Once challenged on this motion as to its basis for asserting that the Court can exercise jurisdiction over Defendant, it behooved Plaintiff to set forth its prima facie case. But Plaintiff submits nothing from which the Court can discern any connection between the parties, a contract, and New York. For these reasons, the Court has no basis to exercise general or specific jurisdiction and the Complaint is DISMISSED.
Moreover, even if jurisdiction would lie over Defendant in this Court, the Plaintiff has stated a claim. On a pre-answer motion to dismiss made pursuant to CPLR 3211(a)(7), all of the factual allegations are accepted as true and the Plaintiff is afforded the benefit of every favorable inference. Kunik v. New York City Dept. of Educ., 142 AD3d 616, 617—18 (2d Dept. 2016). The Court accepts as true the sworn affidavit of Plaintiff that the contract that is the subject of the Complaint was entered into between Defendant and non-party CTOP Rentals, LLC. It is the foundation of the common law that if Plaintiff is not a party to the contract at issue in the Complaint, it has no claim for which to assert a breach and damages. 
Nor does Plaintiff assert that the contracting party, CTOP Rentals, LLC, assigned its rights to Plaintiff. Instead, the supporting affidavit makes a reference to yet another non-party entity, Nesco Specialty Rental, that merged with "Custom Trucks" in April 2021. If anything, that reference suggests that the Nesco entity, and not Plaintiff, owns the right to prosecute this alleged breach of contract claim.
Upon the foregoing, it is hereby
ORDERED that the motion is GRANTED on the basis of lack of jurisdiction and failure to state a claim, and it is further
ORDERED that the Complaint is DISMISSED without prejudice.
The foregoing constitutes the Decision and Order of this Court.
Dated: January 25th, 2024
Goshen, NY
E N T E R :
HON. MARIA S. VAZQUEZ-DOLES, J.S.C.