| |
|---|
| **Langella v Amchem Prods., Inc.** |
| 2024 NY Slip Op 32972(U) |
| August 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 190226/2023 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. ADAM SILVERA**                          PART                13

*Justice*

-----------------------------------------------------------------------X

VICTOR M LANGELLA,

                Plaintiff,

            - v -

AMCHEM PRODUCTS, INC.,   N/K/A RHONE POULENC
AG COMPANY,   N/K/A BAYER CROPSCIENCE INC,
AMERICAN BILTRITE INC, ARMSTRONG
INTERNATIONAL, INC, ARMSTRONG PUMPS, INC,
ATWOOD & MORRILL COMPANY, BLACKMER,
BURNHAM HOLDINGS, INC, BURNHAM, LLC,
INDIVIDUALLY, AND AS SUCCESSOR TO    BURNHAM
CORPORATION, BW/IP, INC. AND ITS WHOLLY OWNED
SUBSIDIARIES, CANVAS MW, LLC. FORMERLY KNOWN
AS   THE MARLEY-WYLAIN COMPANY, LLC,CARRIER
CORPORATION, CONWED CORPORATION, DOMCO
PRODUCTS TEXAS, INC, EATON CORPORATION, AS
SUCCESSOR -IN-INTEREST TO   CUTLER-HAMMER,
INC, FLOWSERVE US, INC.   INDIVIDUALLY AND
SUCCESSOR TO ROCKWELL MANUFACTURING
COMPANY, EDWARD VALVE, INC.,NORDSTROM
VALVES, INC.,   EDWARD VOGT VALVE COMPANY, AND
VOGT VALVE COMPANY, FMC CORPORATION,   ON
BEHALF OF ITS FORMER CHICAGO PUMP     &
NORTHERN PUMP BUSINESSES, FOSTER WHEELER,
L.L.C, GARDNER DENVER, INC, GENERAL ELECTRIC
COMPANY, GOULD ELECTRONICS INC, ITT LLC.,
INDIVIDUALLY AND AS SUCCESSOR TO BELL &
GOSSETT   AND AS SUCCESSOR TO KENNEDY VALVE
MANUFACTURING CO., INC, KAISER GYPSUM
COMPANY, INC, KOHLER CO, LENNOX INDUSTRIES,
INC, LEVITON MANUFACTURING CO., INC, MORSE
DIESEL, INC, MORSE TEC LLC,F/K/A BORG WARNER
MORSE TEC LLC     AND SUCCESSOR-BY-MERGER TO
BORG-WARNER   CORPORATION, NORTHROP
GRUMMAN CORP. AS SUCCESSOR   TO GEORGE A.
FULLER COMPANY, PARAMOUNT GLOBAL, F/K/A
VIACOMCBS INC.,   F/K/A CBS CORPORATION, A
DELAWARE CORPORATION,   F/K/A/ VIACOM
INC.,SUCCESSOR BY MERGER TO CBS
CORPORATION, A PENNSYLVANIA CORPORATION,
F/K/A   WESTINGHOUSE ELECTRIC CORPORATION,
PFIZER, INC. (PFIZER), REDCO CORPORATION F/K/A
CRANE CO, ROCKWELL AUTOMATION, INC.,AS
SUCCESSOR IN INTEREST     TO ALLEN- BRADLEY
COMPANY, LLC,S.A. ARMSTRONG LIMITED, SIEMENS

INDEX NO.            190226/2023

MOTION DATE        02/19/2024

MOTION SEQ. NO.        001

**DECISION + ORDER ON
MOTION**

190226/2023   LANGELLA, VICTOR M vs. AMCHEM PRODUCTS, INC.,      N/K/A RHONE       Page 1 of 6
POULENC AG COMPANY,      N/K/A BAYER CROPSCIENCE INC ET AL
Motion No.  001

[* 1]

INDUSTRY, INC.,SUCCESSOR IN INTEREST TO
SIEMENS ENERGY & AUTOMATION, INC, SPIRAX
SARCO, INC.   INDIVIDUALLY AND AS SUCCESSOR TO
SARCO COMPANY, TISHMAN LIQUIDATING CORP,
TISHMAN REALTY & CONSTRUCTION CO., INC,
TURNER CONSTRUCTION COMPANY, U.S. RUBBER
COMPANY (UNIROYAL), UNION CARBIDE
CORPORATION, WARREN PUMPS,
LLC,WEYERHAEUSER COMPANY, WW HENRY CO,

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents, it is ordered that defendant Burnham Holdings, Inc.'s

(BHI) motion to dismiss pursuant to CPLR 3211(a)(8) is decided below. In this asbestos action,

moving defendant BHI seeks to dismiss the complaint against it arguing that it has no connection

to New York such that the Court has no personal jurisdiction over it. Plaintiff opposes and seeks

jurisdictional discovery. Defendant BHI replies.

Defendant BHI seeks to dismiss this action, arguing that it is merely a holding company

which was incorporated in Delaware and with its principal place of business in Pennsylvania.

Defendant BHI further argues that as a holding company, it has never placed any products in the

stream of commerce such that it has no ties to the State of New York and personal jurisdiction

pursuant to CPLR § 302(a) is lacking herein. Therefore, according to moving defendant BHI, the

instant action must be dismissed as against it. In opposition, plaintiff argues that defendant BHI

is Burnham Holdings' alter ego such that they should be treated as one entity for personal

jurisdiction purposes, thus justifying personal jurisdiction and/or jurisdictional discovery.

To find personal jurisdiction, the Court must determine whether it has general or specific

jurisdiction over the moving defendant. New York's general jurisdiction statute CPLR § 301 and

190226/2023  LANGELLA, VICTOR M vs. AMCHEM PRODUCTS, INC.,      N/K/A RHONE                Page 2 of 6
POULENC AG COMPANY,    N/K/A BAYER CROPSCIENCE INC ET AL
Motion No. 001

2 of 6

the long arm statute CPLR § 302(a) govern jurisdiction over a non-domiciliary defendant. As to general jurisdiction pursuant to CPLR § 301, it must be established that a defendant's "affiliations with the State [of] New York are so continuous and systematic as to render it essentially at home in the...State". *Robins v Procure Treatment Ctrs., Inc.*, 157 AD3d 606, 607 (1st Dep't 2018)(internal brackets and citations omitted). "Aside from an exceptional case, a corporation is at home only in a state that is the company's place of incorporation or its principal place of business". *Lowy v Chalkable, LLC*, 186 AD3d 590, 592 (2nd Dep't 2020)(internal quotations and citations omitted). The relevant inquiry regarding a corporate defendant's place of incorporation and principal place of business, is at the time the action is commenced. *See Lancaster v Colonial Motor Freight Line, Inc.*, 177 AD2d 152, 156 (1st Dep't 1992). The Court notes that defendant BHI has established, and it is uncontested, that its principal place of business is outside the State of New York and that it is not a resident of this state. It is further uncontested that moving defendant was not incorporated in New York State such that personal jurisdiction may not be established based upon the residence of the moving defendant.

As for long arm jurisdiction, CPLR § 302(a) states that specific jurisdiction may be exercised over a non-resident who "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state...; or (3) commits a tortious act without the state causing injury to person...within the state...if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses real property situated within the state."

190226/2023   LANGELLA, VICTOR M vs. AMCHEM PRODUCTS, INC.,   N/K/A RHONE   Page 3 of 6
POULENC AG COMPANY,   N/K/A BAYER CROPSCIENCE INC ET AL
Motion No. 001

3 of 6

[* 3]

Defendant BHI has established, through the affirmation of Samantha L. Fugagli dated February 16, 2024, General Counsel and Secretary of moving defendant, that it is a holding company which has not manufactured, distributed, supplied, nor sold any asbestos containing products. Ms. Fugagli further affirms that defendant BHI has no connection with the State of New York as it has never been incorporated here, has never maintained its corporate offices here, has not contracted for goods and services here, and is not licensed to conduct business here. Thus, moving defendant has established that it does not transact business in New York State, it did not commit a tortious act against plaintiff within the state, it did not commit a tortious act against plaintiff without the state which caused injury to plaintiff within the state, and it does not own real estate within the state. Based upon these facts, the Court finds that specific jurisdiction has not been established as to defendant BHI.

In opposition, plaintiff argues that jurisdiction exists on the basis that moving defendant is the alter ego of Burnham LLC and alternatively argues for jurisdictional discovery. For jurisdiction to be established, "[t]he control over the subsidiary's activities…must be so complete that the subsidiary is, in fact, merely a department of the parent." *Delagi v Volkswagenwerk A.G. of Wolfsburg, Germany*, 29 NY2d 426, 432 (1972). Courts consider the following factors to determine whether one party is the alter ego of another: "the failure to observe corporate formalities; intermingling of personal and corporate funds; overlap in ownership and directors; shared office space and phone numbers; whether the alter egos and the corporation dealt with one another at arm's length; the payment or guarantee of debts of the alter egos by the corporation in question; and whether the corporation in question had property that was used by the alter egos as if it were their own". *Cedar Capital Mgt. Group Inc. v Lillie*, 79 Misc 3d 1238(A) (Sup Ct 2023) (internal citations omitted).

190226/2023  LANGELLA, VICTOR M vs. AMCHEM PRODUCTS, INC.,      N/K/A RHONE        Page 4 of 6
POULENC AG COMPANY,     N/K/A BAYER CROPSCIENCE INC ET AL
Motion No. 001

[* 4]                                          4 of 6

Here, plaintiff failed to establish that Burnham LLC is an alter ego of BHI. Although BHI's submissions indicate the entities share some employees and that BHI owns 100% of the voting shares of Burnham LLC, such submissions are insufficient to prove that Burnham LLC is an alter ego of moving defendant such that this Court would have personal jurisdiction over BHI. Complete stock control and overlapping of employees to an extent are factors "intrinsic to the parent-subsidiary relationship and, by themselves, not determinative". *Porter v LSB Indus., Inc.*, 192 AD2d 205, 214 (4th Dep't. 1993); *see Wolberg v IAI N. Am., Inc.*, 161 AD3d 468, 468 (1st Dep't 2018). Further, in paragraph 5 of BHI's Reply Affirmation dated April 3, 2024, Ms. Fugagli states that BHI is dependent on Burnham LLC, and New York Courts have held that a holding company's financial dependence on subsidiaries deems the subsidiary not a "mere department" of the holding company. *See Porter, supra*; *FIA Leveraged Fund Ltd. v Grant Thornton LLP*, 150 AD3d 492, 493 (1st Dep't 2017). In addition, there is no evidence that BHI fails to observe corporate formalities, interferes with recruitment and assignment of Burnham LLC's employees, or controls Burnham LLC's policies and day-to-day operations. *See Porter, supra*. As such, general or specific jurisdiction over moving defendant BHI has not been established. The instant motion to dismiss is granted pursuant to CPLR § 3211(a)(8) on the grounds that this Court lacks personal jurisdiction over moving defendant and the Court declines to order jurisdictional discovery herein.

Accordingly, it is hereby

ORDERED that the motion of defendant Burnham Holdings, Inc. to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendant only, with costs and disbursements to said defendant as taxed by the Clerk of the

190226/2023   LANGELLA, VICTOR M vs. AMCHEM PRODUCTS, INC.,      N/K/A RHONE                    Page 5 of 6
POULENC AG COMPANY,    N/K/A BAYER CROPSCIENCE INC ET AL
Motion No. 001

[* 5]                                                        5 of 6

Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant only; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible* at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the Decision/Order of the Court.

| | | | | |
|---|---|---|---|---|
| **8/23/2024** | | | | |
| DATE | | | ADAM SILVERA, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

190226/2023   LANGELLA, VICTOR M vs. AMCHEM PRODUCTS, INC.,      N/K/A RHONE          Page 6 of 6
POULENC AG COMPANY,    N/K/A BAYER CROPSCIENCE INC ET AL
Motion No. 001

[* 6]