Batista v PhotonLight.com, Inc. (2024 NY Slip Op 51405(U))

[*1]

Batista v PhotonLight.com, Inc.

2024 NY Slip Op 51405(U)

Decided on October 15, 2024

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 15, 2024
Supreme Court, Queens County

Juan Batista, Plaintiff,

against
PhotonLight.com, Inc., Defendant.

Index No. 716741/2023

Edwards Y. Kroub, Esq.
Mizrahi Kroub LLP
Attorneys for Plaintiff
225 Broadway, 39th Floor 
New York, NY 10007 
Telephone: 212-595-6200 
Email: ekroub&commat;mizrahikroub.com
Ross M. Greenky, Esq.
Barclay Damon Tower 
Attorneys for Defendant
125 East Jefferson Street 
Syracuse, New York 13202 
Telephone (315) 425-2700
Email: rgreenky&commat;barclaydamon.com

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF under the motion as: 29-55, 58-59 were read on the motion by the defendant to dismiss the complaint pursuant to CPLR 3211 (a) (2), (a) (7), and (a) (8).
Upon the foregoing papers it is ordered that the motion is determined as follows:
The plaintiff commenced this action against the defendant in August 2023, alleging that [*2]the defendant's website, www.photonlight.com (the defendant's website), contained access barriers that prevented the plaintiff and similarly situated visually-impaired individuals from purchasing products on the defendant's website. The amended complaint alleges that the plaintiff is visually impaired and attempted to use certain "screen-reader" software to navigate the defendant's website and make a particular purchase. Although internet websites, generally, should include certain computer coding to ensure that screen-reader software can interpret the sites' content for visually-impaired individuals, the amended complaint alleges that the defendant's website is not properly coded to allow the plaintiff to do so. Because these issues do not present themselves to non-visually-impaired individuals, the amended complaint alleges that the plaintiff was denied full and equal access to the defendant's website. Based on these allegations, the amended complaint asserts causes of action under the New York State Human Rights Law (NYSHRL), the New York State Civil Rights Law (NYSCRL), and the New York City Human Rights Law (NYCHRL) (collectively the disability laws). The amended complaint further seeks declaratory and injunctive relief, as well as monetary damages and attorneys' fees.
In lieu of an answer, the defendant moves to dismiss. In support of its motion, the defendant submits the amended complaint, the affidavit of Bryan Avery, the defendant's owner, and copies of certain "compliance audits" generated by non-party accessiBe. Based on these submissions, the defendant first asserts that this court lacks subject matter jurisdiction over the plaintiff's claims because the accessibility issues that form the basis of the amended complaint were resolved. To this end, the defendant argues that it independently conducted an accessibility audit of its website through accessiBe and implemented the changes that were recommended. Thus, the defendant contends that in the absence of a likelihood of future injury, the plaintiff's claims are moot.
The defendant further asserts that the complaint fails to state a cause of action under the disability laws because the amended complaint does not allege that the plaintiff requested a reasonable accommodation, as required. In addition, the defendant contends that the amended complaint fails to specifically allege how the defendant's web site violated the disability laws and fails to adequately plead that the plaintiff intends to return to the defendant's web site in the near future. This being the case, the defendant also argues that the plaintiff lacks standing to maintain this action.
Finally, the defendant argues that this court lacks personal jurisdiction over it. The defendant points out that its business is both domiciled and incorporated in Oregon and does most of its work from Oregon. Thus, the defendant contends that defending this action would result in a significant burden. The defendant also asserts that, although its web site is accessible in New York, it does not specifically target customers in New York, and in any event, the defendant's website is maintained at its offices in Oregon.
In opposition to the motion to dismiss, the plaintiff submits, among other things, a report prepared by Robert D. Moody, the plaintiff's information systems auditing expert. Based on these submissions, the plaintiff first asserts that the defendant failed to demonstrate that the plaintiff's claims are moot because the attestations in the Avery affidavit lack sufficient detail and accessiBe is merely an "automated overlay widget" which is not a reliable method of solving online accessibility issues. The plaintiff also asserts that Moody conducted a "PowerMapper Analysis" which indicates that the defendant's web site still contains access barriers.
The plaintiff also argues that the defendant's reliance on the purported failure to request a reasonable accommodation is misplaced because this requirement only applies to claims related [*3]to reasonable accommodation discrimination, and the plaintiff's claims of discrimination fall under the disparate impact and disparate treatment classes of discrimination claims. This being the case, the plaintiff contends that the amended complaint sufficiently pleads disparate impact and disparate treatment claims. In response to the defendant's argument regarding standing, the plaintiff insists that the facts pleaded in the amended complaint are sufficiently specific to establish standing.
Lastly, the plaintiff argues that personal jurisdiction over the defendant may be properly exercised pursuant to New York's long-arm statute. Specifically, the plaintiff notes that the defendant's web site is interactive and "facilitates the sale and delivery of a sophisticated array of products to the state of New York," which is sufficient to confer jurisdiction under the long-arm statute.
Under the circumstances, the defendant's personal jurisdiction and subject matter jurisdiction arguments will be addressed first.
CPLR 3211 (a) (8)
"The party seeking to assert personal jurisdiction bears the ultimate burden of proof to establish a basis for such jurisdiction" (Sacco v Reel-O-Matic, Inc., 183 AD3d 567, 568 [2d Dept 2020]). Yet where, as here, a defendant moves to dismiss a complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, the plaintiff, in opposing the motion, bears the burden of coming forward with sufficient evidence to prove jurisdiction (see Aybar v Aybar, 169 AD3d 137, 142 [2d Dept 2019], affd 37 NY3d 274 [2021]). However, "in opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth 'a sufficient start, and show[ ] their position not to be frivolous' " (Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc., 65 AD3d 623, 624 [2d Dept 2009], quoting Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]).
"International Shoe crystallized the two categories of personal jurisdiction that we now recognize, general or all-purpose jurisdiction and specific or case-linked jurisdiction (Aybar v Aybar, 37 NY3d 274, 288 [2021]; see Goodyear Dunlop Tires Operations, S. A. v Brown, 564 US 915, 919 [2011]; International Shoe Co. v Washington, 326 US 310 [1945]). General jurisdiction permits the court's exercise of jurisdiction over a defendant based on claims which arise from events occurring anywhere in the world (see Aybar, 37 NY3d at 288). "[W]ith respect to corporations, the paradigm bases for general jurisdiction are the place of incorporation and principal place of business" (Aybar, 169 AD3d at 144; see Daimler AG v Bauman, 571 US 117, 137 [2014]). "To comport with due process, however, the defendant's contacts with New York must be so continuous and systematic, judged against its national and global activities, that it is essentially at home in the state" (Lowy v Chalkable, LLC, 186 AD3d 590, 591-592 [2d Dept 2020] [internal quotation marks omitted]).
Conversely, specific jurisdiction permits a court to exercise jurisdiction only where the suit arises out of or relates to the defendant's contacts with the forum (see Aybar, 37 NY3d at 288-289). "The law of specific jurisdiction thus seeks to ensure that States with 'little legitimate interest' in a suit do not encroach on States more affected by the controversy" (Ford Motor Co. v Montana Eighth Judicial Dist. Court, 592 US &mdash, &mdash, 141 S Ct 1017, 1025 [2021], citing Bristol-Myers Squibb Co. v Superior Court of Cal., San Francisco Cty., 582 US &mdash, &mdash, 137 S Ct 1773, 1780 [2017]). Under New York's long-arm statute, "courts may exercise personal jurisdiction over nondomiciliaries when the action arises from the nondomiciliaries' 'transact[ing] any [*4]business within the state or contract[ing] anywhere to supply goods or services in the state' " (Vaval v Stano, LLC, 219 AD3d 1466, 1467 [2d Dept 2023], quoting CPLR 302 [a] [1]; see Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019]).
"The CPLR 302 (a) (1) jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions" (Rushaid v Pictet & Cie, 28 NY3d 316, 323 [2016]). On the first prong, "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (Fischbarg v Doucet, 9 NY3d 375, 380 [2007], quoting McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377, 382 [1967]). Although a definition of acts that constitute a transaction of business cannot be fixed with precision, the primary consideration is the quality of the defendant's contacts in New York (see Fischbarg, 9 NY3d at 380).
Where the exercise of specific jurisdiction is based on a defendant's online presence, the United States District Court for the Western District of Pennsylvania described the jurisdictional analysis as follows:
"At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. . . . At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction . . . . The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site" (Zippo Mfg. Co. v Zippo Dot Com, Inc., 952 F Supp 1119, 1124 [WD Pa 1997]).
The courts of this state have effectively adopted this approach. For example, the Second Department has noted that "[i]f the foreign company maintains an informational Web site accessible to the general public but which cannot be used for purchasing services or goods, then most courts would find it unreasonable to assert personal jurisdiction over that company" Grimaldi v Guinn, 72 AD3d 37, 48 [2d Dept 2010]). However, the Court went on to clarify that if a website "allows online sales with the use of a credit card, and sales are, in fact, made in this manner in the forum state, particularly by the injured consumer, then the assertion of personal jurisdiction may be reasonable" (Grimaldi, 72 AD3d at 50 [citations omitted]), and noted that "[t]his seems to be the trend for the sale of goods and services that are delivered after they are ordered by the consumer on his or her home computer" (id.).
Here, the amended complaint alleges that the defendant sells products through its web site and that the plaintiff tried to purchase a certain product from the defendant's website but was unable to. The defendant does not dispute this allegation, but merely asserts that the amount of business it conducts in New York is "insignificant in relation to its overall sales revenue." [*5]However, even a minute number of transactions, as is the case here, is sufficient to satisfy the first prong of the analysis under CPLR 302 (a) (1) (see Kreutter, 71 NY2d at 467).
"To satisfy the second prong [of the specific jurisdiction analysis], the statute requires an 'articulable nexus' or 'substantial relationship' between the cause of action sued upon, or an element thereof, and the defendants' business transactions in New York" (Aybar v US Tires & Wheels of Queens, LLC, 211 AD3d 40, 48 [2d Dept 2022] [internal quotation marks omitted]; see D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298 [2017]). "This inquiry is relatively permissive, and does not require causation, but merely a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim" (Rushaid v Pictet & Cie, 28 NY3d 316, 329 [2016]). However, where the necessary relatedness is lacking, the Court of Appeals has characterized personal jurisdiction claims as too attenuated from, or merely coincidental to, the transaction (see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 340 [2012]; Johnson v Ward, 4 NY3d 516, 520 [2005]).
Here, however, the defendant does not assert that no such articulable nexus exists. In any event, the court finds that the allegations in the amended complaint—i.e., that the plaintiff attempted to purchase a product on the defendant's web site, that the defendant's web site contained certain accessibility barriers, and that these barriers prevented the plaintiff, a visually-impaired person, from completing the purchase—are sufficient to demonstrate that such a nexus exists here.
The defendant therefore failed to demonstrate that the court lacks personal jurisdiction over it.
CPLR 3211 (a) (2)
Subject matter jurisdiction "refers to objections that are 'fundamental to the power of adjudication of a court' " (Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013] [citations omitted], quoting Lacks v Lacks, 41 NY2d 71, 74 [1976]). Thus, " '[l]ack of jurisdiction' should not be used to mean merely 'that elements of a cause of action are absent,' but that the matter before the court was not the kind of matter on which the court had power to rule" (Manhattan Telecom. Corp., 21 NY3d at 203, quoting Lacks, 41 NY2d at 74). Here, the defendant is not arguing that this court lacks the jurisdiction to consider the plaintiff's claims under the disability laws. To the contrary, by asserting that the plaintiff's claims are moot because the alleged accessibility issues has been resolved, the defendant is raising an argument that "bears on 'a substantive element of the cause[s] of action and not a jurisdictional element' " (Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 845 [2d Dept 2023], appeal dismissed, 39 NY3d 1116 [2023], and lv to appeal denied, 40 NY3d 907 [2023], and cert denied, 144 S Ct 2580 [2024], quoting Thrasher v U. S. Liab. Ins. Co., 19 NY2d 159, 166 [1967]).
The defendant therefore failed to demonstrate that the court lacks subject matter jurisdiction over these claims.
CPLR 3211 (a) (7)
"On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d 834, 835 [2d Dept 2019]). "Where evidentiary material is submitted and considered on a [*6]motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 851-852 [2d Dept 2012]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977])
As an initial matter, to the extent that the defendant asserts that the plaintiff's claims are moot, its submissions are insufficient to warrant dismissal under CPLR 3211 (a) (7). Although the defendant relies on the accessiBe compliance audit, the compliance audit that was submitted to the court is for a website called "genopalate.com," not the defendant's website. This submission is therefore irrelevant to the plaintiff's claims. Similarly, the defendant relies on a purported accessibility statement from the defendant's website, but the document submitted is merely a copy of the aforementioned compliance audit. In addition, "[a]ffidavits submitted by a defendant 'will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no . . . cause of action' " (Langley v Melville Fire Dist., 213 AD3d 748, 750 [2d Dept 2023], quoting Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]). Because Avery's assertions in his affidavit—i.e., the accessibility issues alleged by the plaintiff were either resolved or do not exist—rely entirely on the missing compliance audit and accessibility statement for the defendant's web site, his statements standing alone, are conclusory and insufficient to meet the defendant's burden.
The defendant also contends that the complaint is facially deficient because it fails to allege that the plaintiff requested an accommodation. However, in opposition, the plaintiff correctly notes that the complaint does not allege a claim for discrimination based on a reasonable accommodation, but rather, discrimination based on disparate impact and disparate treatment (compare Administrative Code of City of NY § 8-107 [4] [a], [17] with Administrative Code of City of NY § 8-107 [15] [a]).
The defendant further asserts that the plaintiff lacks standing to bring the action. Although a motion to dismiss for lack of standing falls under CPLR 3211 (a) (3), the defendant's notice of motion fails to specify this subdivision. However, the defendant's arguments on this point do not address standing, but merely state that the plaintiff failed to plead sufficiently specific facts to support a claim under the disability laws. This, in effect, is an assertion that the complaint fails to state a claim. Nevertheless, the court finds the defendant's arguments to be unavailing. First, the defendant's request for this court to effectively engage in a plausibility analysis to analyze the plaintiff's factual allegations, this is not the function of the court when addressing a motion to dismiss under CPLR 3211 (a) (7) (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; cf. Fed Rules Civ Pro rule 12 [b] [6]; Bell Atl. Corp. v Twombly, 550 US 544, 554-557 [2007]).
"The New York State Human Rights Law is composed of the New York Executive Law §§ 292 et seq. (which provides the substance of the law) and the New York Civil Rights Law §§ 40 et seq. (which provides for penalties)." (Thorne v Formula 1 Motorsports, Inc., 2019 WL 6916098 [SD NY, Dec. 19, 2019, No. 19-CV-1077 (JPO)]). Under the Executive Law, it is an unlawful discriminatory practice for any "owner, . . . agent or employee of any place of public accommodation . . . because of the race, creed, color, national origin, citizenship or immigration status ... [or] sex . . . to refuse, withhold from or deny to such person any of the accommodations, [*7]advantages, facilities or privileges thereof . . . ." (Executive Law § 262 [2] [a]).
Moreover, although NYSHRL "disability discrimination claims are governed by the same legal standards as federal ADA claims" (Pimentel v Citibank, N.A., 29 AD3d 141, 147 n2 [1st Dept 2006]), "[i]t is undisputed that the NYCHRL's pleading standards are materially looser than the trans-substantive plausibility standard of the Federal Rules of Civil Procedure—or, for that matter, the CPLR's notice-pleading standard for claims under the NYSHRL" (Pustilnik v Battery Park City Auth., 71 Misc 3d 1058, 1069 [Sup Ct, NY County 2021]). Under the NYCHRL, it is an unlawful discriminatory practice for a "provider of a public accommodation" "[t]o refuse, withhold from or deny to [any] person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities, or privileges of the place or provider of public accommodation" on the basis of such person's "actual or perceived race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation, uniformed service, height, weight, or immigration or citizenship status" (Administrative Code of City of NY § 8-107 [4]). Here, when affording the plaintiff the benefit of every possible favorable inference, the court finds that the allegations in the complaint are sufficient to state a cause of action under the disability laws. Accordingly, Defendant's motion is denied and Defendant is directed to file an Answer within twenty (20) days after entry of this order.
DATED: October 15, 2024
ROBERT I. CALORAS, J.S.C.